IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bruce A. Hill, #223106, *a/k/a Bruce Antwain Hill*, | Case No.: 4:24-cv-2887-JD-TER |
| Petitioner, | |
| vs. | **ORDER AND OPINION** |
| Warden, Broad River Correctional Institution, | |
| Respondent. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 17.) Petitioner Bruce A. Hill, #223106, *a/k/a Bruce Antwain Hill* ("Petitioner" or "Hill"), proceeding *pro se* and *in forma pauperis*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, against Respondent Warden, Broad River Correctional Institution ("Respondent").

After a jury trial in Horry County, Petitioner was sentenced in 2011 to life without parole on charges of burglary and murder. Petitioner timely filed a direct appeal; the remittitur was received in the lower court on August 4, 2014. Petitioner

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

filed his PCR on April 15, 2015; the remittitur on the PCR was received in the lower court on December 5, 2022. Liberally construed, the Lack[2] date is May 6, 2024. There are over 700 days of untolled time.

Since the petition in this case is untimely, in an order (DE 11) dated June 5, 2024, the Magistrate Judge directed the Petitioner as follows:

> **Upon initial review of the Petition, it appears from the face of the Petition that this case may be untimely filed. This order is notice to Petitioner that the court is considering dismissal of his case based on the running of the one-year statute of limitations. <u>Unless the petitioner provides facts casting doubt on the issue of untimeliness of his Petition and thereby prevent dismissal based on the limitations bar, this case may be subject to dismissal. Accordingly, Petitioner is granted twenty-one (21) days to file a factual explanation with this court to show cause why his Petition should not be dismissed based on the application of the one-year limitation period established by 28 U.S.C. § 2244(d), including but not limited to, factual dispute regarding the relevant dates of filings in state court mentioned and/or facts supporting the application of equitable tolling.</u>** *See Rouse v. Lee*, **339 F.3d 238, 246 (4th Cir. 2003).**

(DE 11) (emphasis in original.) Additionally, the order cited law regarding the functioning of the habeas one-year statute of limitations. Petitioner did not respond to the Court's order.

The Report was issued on July 25, 2024, recommending that Hill's Petition be dismissed as barred by the statute of limitations. (DE 17.) Petitioner did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order

---

[2]   A lack date in a post-conviction relief (PCR) case is when a defendant misses the deadline to file a notice of post-conviction relief with the court.

to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 17) and incorporates it here by reference.

It is, therefore, **ORDERED** that Petitioner's case is dismissed with prejudice and without requiring the Respondent to file a return because the petition is untimely under the one-year limitations provision of the AEDPA, 28 U.S.C. § 2244(d). Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 23, 2024

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.